UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

SHANIKA WHITE,

                                  Plaintiff,

                    -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, COMMANDING OFFICER DEPUTY
INSPECTOR PHILIP BANKS, POLICE OFFICER CLIFF
LOUIS, POLICE OFFICER HILLMAN, "JANE DOE" POLICE
OFFICER,

                                Defendants.
----------------------------------------------------------------------x

**ANSWER**

07 CV 8145 (LAP)

JURY TRIAL DEMANDED

Defendants City of New York, Commissioner Raymond Kelly, Deputy Inspector Banks and Police Officers Louis and Hillman, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek the damages as stated.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action and to invoke pendent and supplementary jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department and that plaintiff purports to sue him as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit the Philip Banks is employed by the City of New York Police Department as an Inspector and that plaintiff purports to sue him as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that defendants Louis and Hillman are employed by the city of New York as Police Officers and that plaintiff purports to sue them as stated therein.

12. Paragraph "12" of the complaint contains conclusions of law rather then averments of fact and accordingly requires no response.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit a document purporting to be a notice of claim was received by the New York City Office of the Comptroller on or about October 17, 2006, and that the purported claim has not been settled.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Admit the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Admit the allegations set forth in paragraph "17" of the complaint.

18. Admit the allegations set forth in paragraph "18" of the complaint.

19. Admit the allegations set forth in paragraph "19" of the complaint

20. Deny the allegations set forth in paragraph "20" of the complaint

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, including all subparts thereto.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "22" inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "25" inclusive of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "33" inclusive of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "37" inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "42" inclusive of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "48" inclusive of this answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "56" inclusive of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

60. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

61. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

62. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

63. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

64. Plaintiff may have failed to comply with the conditions precedent to suit under State Law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

65. At all times relevant to the incident defendants acted reasonably, in the proper, lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

66. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

67. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

68. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

69. At all times relevant to the acts alleged in the complaint, defendants City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

70. This action may be barred in part for plaintiffs' failure to comply with the conditions precedent to suit.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

71. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendants City of New York, Commissioner Raymond Kelly, Deputy Inspector Banks and Police Officers Louis and Hillman request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 4, 2007

                MICHAEL A. CARDOZO
                Corporation Counsel
                City of New York
                Attorney for Defendants
                100 Church Street, Room 3-198
                New York, New York 10007
                (212) 788-1580

By: _____
       Craig Hanlon (CH 5679)
       Special Federal Litigation Division

To:    Cynthia Conti-Cook
        Stoll, Glickman & Bellina, LLP
        *Attorney for Plaintiff*
        71 Nevins Street
        Brooklyn, NY 11217

Index No. 07 CV 8145 (LAP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANIKA WHITE,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, COMMANDING OFFICER CAPTAIN LYONS, POLICE OFFICER LOUIS, POLICE OFFICER HILLMAN, "JANE DOE" POLICE OFFICER, ,

Defendants

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*

*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Craig Hanlon*

*Tel: (212) 788-1580*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................,2007*

*................................................................... Esq.*

*Attorney for City of New York*