UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

SHANIKA WHITE,

                                                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, COMMANDING OFFICER DEPUTY
INSPECTOR PHILIP BANKS, POLICE OFFICER CLIFF
LOUIS, POLICE OFFICER HILLMAN, POLICE OFFICER
CARLOS VEGA, SHIELD NO. 18843, SERGEANT
MCCARTHY, SHIELD NO. 2724, "JANE DOE" POLICE
OFFICER,

                                                 Defendants.

-------------------------------------------------------------------------x

**ANSWER TO SECOND AMENDED COMPLAINT BY PATRICK MCCARTHY AND CARLOS VEGA**

07 CV 8145 (LAP)

JURY TRIAL DEMANDED

       Defendants Patrick McCarthy and Carlos Vega, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the second amended complaint, respectfully allege upon information and belief, as follows:[1]

       1. Deny the allegations set forth in paragraph "1" of the second amended complaint, except admit that plaintiff purports to proceed as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the second amended complaint.

       3. Deny the allegations set forth in paragraph "3" of the second amended complaint, except admit that plaintiff purports to proceed as stated therein.

       4. Deny the allegations set forth in paragraph "4" of the second amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] An answer on behalf of City of New York, Raymond Kelly, Philip Banks, Cliff Louis and Brian Hillman was filed with the Court and served upon plaintiff on May 23, 2008.

5. Deny the allegations set forth in paragraph "5" of the second amended complain.

6. Deny the allegations set forth in paragraph "6" of the second amended complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the second amended complaint.

8. Admit.

9. Deny the allegations set forth in paragraph "9" of the second amended complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department ("NYPD") and that plaintiff purports to sue him as stated therein.

10. Deny the allegations set forth in paragraph "10" of the second amended complaint, except admit that in September 2006, Philip Banks was an NYPD Inspector and that plaintiff purports to sue him as stated therein.

11. Deny the allegations set forth in paragraph "11" of the second amended complaint, except admit that Cliff Louis, Brian Hillman, Patrick McCarthy and Carlos Vega are NYPD Police Officers and that plaintiff purports to sue them as stated therein.

12. Paragraph "12" of the second amended complaint contains no averments of facts for which a response is required.

13. Deny the allegations set forth in paragraph "13" of the second amended complaint, except admit a document purporting to be a notice of claim was received by the New York City Office of the Comptroller and that the purported claim has not been settled.

14. Deny the allegations set forth in paragraph "14" of the second amended complaint.

15. Admit the allegations set forth in paragraph "15" of the second amended complaint, except admit that plaintiff was processed at the 79th Precinct on or about September 14, 2006.

16. Deny the allegations set forth in paragraph "16" of the second amended complaint.

17. Admit.

18. Admit.

19. Admit.

20. Deny the allegations set forth in paragraph "20" of the second amended complaint

21. Deny the allegations set forth in paragraph "21" of the second amended complaint.

22. Deny the allegations set forth in paragraph "22" of the second amended complaint, including all subparts therein.

23. In response to the allegations set forth in paragraph "23" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "22," inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the second amended complaint.

25. Deny the allegations set forth in paragraph "25" of the second amended complaint.

26. In response to the allegations set forth in paragraph "26" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "25," inclusive of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the second amended complaint.

28. Deny the allegations set forth in paragraph "28" of the second amended complaint.

29. Deny the allegations set forth in paragraph "29" of the second amended complaint.

30. Deny the allegations set forth in paragraph "30" of the second amended complaint.

31. Deny the allegations set forth in paragraph "31" of the second amended complaint.

32. Deny the allegations set forth in paragraph "32" of the second amended complaint.

33. Deny the allegations set forth in paragraph "33" of the second amended complaint.

34. In response to the allegations set forth in paragraph "34" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "33," inclusive of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the second amended complaint.

36. Deny the allegations set forth in paragraph "36" of the second amended complaint.

37. Deny the allegations set forth in paragraph "37" of the second amended complaint.

38. In response to the allegations set forth in paragraph "38" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "37," inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the second amended complaint.

40. Deny the allegations set forth in paragraph "40" of the second amended complaint.

41. Deny the allegations set forth in paragraph "41" of the second amended complaint.

42. Deny the allegations set forth in paragraph "42" of the second amended complaint.

43. In response to the allegations set forth in paragraph "43" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "42," inclusive of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the second amended complaint.

45. Deny the allegations set forth in paragraph "45" of the second amended complaint.

46. Deny the allegations set forth in paragraph "46" of the second amended complaint.

47. Deny the allegations set forth in paragraph "47" of the second amended complaint.

48. Deny the allegations set forth in paragraph "48" of the second amended complaint.

49. In response to the allegations set forth in paragraph "49" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "48," inclusive of this answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the second amended complaint.

51. Deny the allegations set forth in paragraph "51" of the second amended complaint.

52. Deny the allegations set forth in paragraph "52" of the second amended complaint.

53. Deny the allegations set forth in paragraph "53" of the second amended complaint.

54. Deny the allegations set forth in paragraph "54" of the second amended complaint.

55. Deny the allegations set forth in paragraph "55" of the second amended complaint.

56. Deny the allegations set forth in paragraph "56" of the second amended complaint.

57. In response to the allegations set forth in paragraph "57" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "56," inclusive of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the second amended complaint.

59. Deny the allegations set forth in paragraph "59" of the second amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

60. The second amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

61. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

62. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

63. Defendants McCarthy and Vega have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

64. Plaintiff may have failed to comply with the conditions precedent to suit under State Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

65. At all times relevant to the incident, defendants acted reasonably and in the proper and lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

66. Plaintiff provoked any incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

67. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

68. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

69. At all times relevant to the acts alleged in the second amended complaint, defendants City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to governmental immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

70. This action may be barred in part for plaintiff's failure to comply with the conditions precedent to suit.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

71. To the extent the second amended complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

72. Defendants Patrick McCarthy and Carlos Vega have no personal involvement in the incident alleged in this action.

**WHEREFORE,** defendants Patrick McCarthy and Carlos Vega request judgment dismissing the second amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 11, 2008

      MICHAEL A. CARDOZO
Corporation Counsel
City of New York
*Attorney for Defendants City of New York, Raymond Kelly, Philip Banks, Cliff Louis, Brian Hillman, Patrick McCarthy and Carlos Vega*
100 Church Street, Room 3-199
New York, New York 10007
(212) 788-1106

By: _____
    Caroline Chen
    Special Federal Litigation Division

To:    Cynthia Conti-Cook (by ECF and first class mail)
       Stoll, Glickman & Bellina, LLP
       *Attorney for Plaintiff*
       71 Nevins Street
       Brooklyn, NY 11217

Index No. 07 CV 8145 (LAP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| SHANIKA WHITE,<br><br>                                                             Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, COMMANDING OFFICER DEPUTY INSPECTOR PHILIP BANKS, POLICE OFFICER CLIFF LOUIS, POLICE OFFICER HILLMAN, POLICE OFFICER CARLOS VEGA, SHIELD NO. 18843, SERGEANT MCCARTHY, SHIELD NO. 2724, "JANE DOE" POLICE OFFICER,<br><br>                                                             Defendants |
| **ANSWER TO SECOND AMENDED COMPLAINT BY PATRICK MCCARTHY AND CARLOS VEGA** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York, Raymond Kelly, Philip Banks, Cliff Louis, Brian Hillman, Patrick McCarthy and Carlos Vega*<br><br>*100 Church Street*<br>*New York, N.Y. 10007*<br>*Of Counsel: Caroline Chen*<br><br>*Tel: (212) 788-1106*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ................................................,2008*<br><br>*................................................................. Esq.*<br><br>*Attorney for City of New York* |